UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 14-165-ART |
| | ) | |
| v. | ) | |
| | ) | **MINUTE ENTRY ORDER** |
| CORPOREX COMPANIES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On Tuesday, May 5, 2015, at 11:00 a.m., the Court held a telephonic conference in this case. Timothy Palmer and Peter Russ represented plaintiff Bank of America, N.A. Earl Messer and Robert Craig represented defendants Corporex Companies, LLC, William P. Butler, and Thomas E. Banta. Ann Banta was the court reporter, and Tammy Dallas was the courtroom deputy.

On the call, the parties discussed how to proceed in light of the defendants' motion to stay discovery pending a decision by Judge David L. Bunning in a related matter. *See* R. 36. The Court proposed a brief stay followed by a short discovery timeline. This schedule would allow the parties and the Court to conserve resources while waiting for a decision in the related matter that may dispose of claims in this case. Counsel for the plaintiffs requested a five-month discovery timeline and an opportunity to propound written discovery during the stay. In response, the Court ordered that discovery be stayed until July 1, 2015. The parties may propound written discovery requests before that date, but responses will not be due until Wednesday, July 22, 2015. The parties shall have five months to complete discovery,

beginning July 1, 2015. The Court strongly disfavors motions to continue the discovery deadline and will look unfavorably on such motions. Finally, the Court reminded parties to promptly bring any discovery disputes to the attention of the Magistrate Judge and the Court.

Accordingly, it is **ORDERED** that:

(1) The defendants' motion to stay discovery, R. 36, is **GRANTED IN PART** and **DENIED IN PART**. Discovery in this case is **STAYED** until **Wednesday, July 1, 2015**.

(2) The parties **MAY** propound written discovery before July 1, 2015. However, responses to written discovery requests **SHALL NOT** be due before **Wednesday, July 22, 2015**.

(3) The parties **SHALL HAVE** five months to complete discovery in this case. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is **ORDERED** as follows:

### SETTLEMENT CONFERENCE

If the parties believe a settlement conference would be beneficial, they shall jointly contact the Magistrate Judge's chambers to schedule such a conference. In making such a request, the parties should consider a Court-conducted settlement conference to be a one-time opportunity that, if unsuccessful, will not be reconvened in the absence of extraordinary developments indicating a reasonable possibility of settlement. Upon receipt of a joint request, the Magistrate Judge will enter a separate order setting the specific date and time and providing the filing and attendance requirements.

## MID-DISCOVERY STATUS CONFERENCE

The parties shall participate in a telephonic mid-discovery conference to discuss the status of discovery. The Court has found that such conferences are helpful in some, but not all cases, and that the parties can better determine if one is necessary. A party may always request a status conference by motion or by contacting chambers at the time the parties deem a conference necessary. A telephonic conference is scheduled for **Wednesday, September 16, 2015**, at **10:00 a.m.** To access the conference call, the parties should follow the instructions listed at the end of this Scheduling Order. A court reporter is needed and will be provided by the Court.

## DISCOVERY

1. The following deadlines shall be observed in this action:

    (a) Counsel for parties shall exchange information required by Rule 26(a)(1) by **Wednesday, July 15, 2015**.

    (b) Supplementation of disclosures and responses as required by Rule 26(e) is due within 30 days of discovery of new information, but no later than **Wednesday, November 4, 2015**.

    (c) Rule 26(a)(2) identification of experts and disclosure of reports are due:

    i. From Plaintiff by **Wednesday, September 2, 2015**, with any supplementation due by **Wednesday, December 2, 2015**, and

    ii. From Defendant by **Wednesday, October 7, 2015**, with any supplementation due by **Wednesday, December 2, 2015**.

    (d)    All fact and expert discovery shall be completed by **Wednesday, December 2, 2015**.

2.    Pursuant to Federal Rule of Civil Procedure Rule 5(d), the parties shall observe the following directives regarding the filing of discovery materials in this case unless the Court otherwise specifically so orders:

    (a)    Rule 26(a)(1) Initial Disclosures, Interrogatories and Answers or other responses thereto, Requests for Production of Documents and Answers or other responses thereto, Requests for Admission and Answers thereto, and any documents or tangible things produced pursuant to such discovery requests, as well as any discovery depositions not subject to part (b) below, **shall not be filed**.

    (b)    Any and all discovery depositions cited in any motion, including motions for summary judgment, **or which may be used at trial** for impeachment or other purposes, and any other discovery materials necessary to the decision of any motion filed herein **shall be filed** of record in this case.

3.    Discovery disputes shall be resolved in the following manner:

    (a)    The parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention.

    (b)    If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge pursuant to the referral set forth below.

    (c)    If, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court. Any written motion regarding discovery shall include a certification detailing counsel's attempts to resolve the dispute as required by Rule 37(a)(1) and Local Rule 37.1.

4. The Court will not enforce any agreements to extend discovery deadlines without Court approval. *See, e.g.*, *Hall v. Letcher Cnty. Fiscal Court*, No. 08-CV-163, 2009 WL 4729953, at *2 (E.D. Ky. Dec. 9, 2009) ("When the parties agree to provide discovery past the Court's deadline, that agreement does not come under a Court order and will not be policed by the Court."); *AB Diversified Enters., Inc. v. Global Transp. Logistics, Inc.*, No. 06-CV-21308, 2007 WL 1362632, at *1 (S.D. Fla. May 7, 2007) ("In the event the parties agree among themselves to extend the discovery deadline, and without Court approval as is the case here, they must do so with the clear understanding that the Court will not mediate any resulting dispute.").

## MOTIONS

**Any agreed orders or proposed orders shall also be emailed to Thapar_Chambers@kyed.uscourts.gov.**

1. The parties shall have to and including **Wednesday, September 9, 2015**, by which to file any motions to join additional parties or amend pleadings.

5

2. **Pre-Motion and Post-Discovery Conference.** Before the Court will consider any motion for summary judgment or *Daubert* motion, a Pre-Motion and Post-Discovery Conference is required with the Court:

(a) This telephonic conference is **SCHEDULED** for **Wednesday, December 9, 2015**, at **10:00 a.m.** To access the conference call, the parties should follow the instructions listed at the end of this Scheduling Order. A court reporter is needed and will be provided by the Court.

(b) **By Wednesday, November 18, 2015**, any party intending to file a motion for summary judgment or a *Daubert* motion shall file a memorandum setting forth the grounds for the anticipated motion(s). This memorandum must include citations to supporting legal authorities, may not exceed three single-spaced pages, and should provide a brief overview of the anticipated motion. **Any basis for summary judgment or a *Daubert* motion that is not included in the movant's memorandum may not be included in a subsequent motion.**

(c) **By Wednesday, December 2, 2015**, all other parties must file a response to the moving party's memorandum. This response may not exceed three single-spaced pages and must directly address the arguments and authorities set forth in the moving party's memorandum.

(d) No party may file a reply memorandum.

    (e) **No affidavits or exhibits may be filed** in connection with these pre-motion memoranda without the Court's prior permission.

    (f) At the Pre-Motion and Post-Discovery Conference, the Court will schedule deadlines for dispositive motions and *Daubert* motions if the parties' memoranda indicate that there are any non-frivolous issues for the Court's consideration.

    (g) If a party wants to file a motion for summary judgment or *Daubert* motion before the Pre-Motion and Post-Discovery Conference, then that party must first request a motions conference with the Court. Upon receipt of a request, the Court will schedule deadlines for the three-page memoranda described above.

    (h) If the parties do not submit the three-page memoranda described above by the relevant deadline, the Court will vacate the Pre-Motion and Post-Discovery Conference and the deadlines for dispositive motions and *Daubert* motions. Once the Conference is vacated, the Court will not reschedule it absent exceptional circumstances beyond the parties' control. The Court will not permit the parties to file dispositive motions or *Daubert* motions if they fail to comply with the Pre-Motion and Post-Discovery Conference deadlines in this scheduling order.

3. Motion practice shall be governed by Local Rule 7.1 except as otherwise provided in this Scheduling Order.

4. **The Court shall deem a failure to respond to a motion or memorandum in a timely fashion to be a waiver and/or admission of its contents.** *See United States v. Ninety Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003); *see also Humphrey v. U.S. Att'y Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendant's motion to dismiss, the arguments have been waived." (citing *Resnick v. Patton*, 258 F. App'x 789, 790–91 n.1 (6th Cir. 2007))); *Scott v. Tenn.*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (holding that a party waives opposition to an opponent's motion when it fails to respond or otherwise oppose the motion (citing *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976))).

## PRETRIAL AND TRIAL

At the Pre-Motion and Post-Discovery Conference, the Court will set the deadlines for any pretrial filings and schedule the pretrial conference and trial in this case.

## EXTENSIONS OF TIME

Requests to modify any dates or deadlines established by this Order shall be submitted upon motion filed prior to expiration of the deadline in question. *See* L.R. 7.1(b). **Motions to continue are not favored and must be accompanied by a memorandum and affidavit of counsel outlining sufficient grounds for granting the relief sought**.

## INSTRUCTIONS FOR TELEPHONE CONFERENCES

Parties shall access all scheduled telephone conferences as follows:

(1) Call AT&T Teleconferencing at 1-877-873-8017;

(2)   Enter access code 8284218 (followed by "#");

(3)   When requested, enter the security code, 1234 (followed by "#").

## REFERRAL TO MAGISTRATE JUDGE

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(A) this matter is referred to the Magistrate Judge for all non-dispositive pretrial matters other than (1) motions to extend the close of discovery, (2) motions to continue the dispositive motions deadline or the trial date, and (3) motions *in limine*.

This the 8th day of May, 2015.

Signed By:
*Amul R. Thapar*   AT
United States District Judge

TIC: 15 mins.; Covington.